Filed 4/28/21  In re J.H. CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| In re J.H., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>J.H.,<br><br>        Defendant and Appellant. | A159965<br><br>(San Mateo County Super. Ct. No. 19JW0823) |

J.H. appeals from an order designating her a ward of the juvenile court and placing her on probation subject to various terms and conditions.  Her court-appointed counsel has filed a brief seeking our independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) to determine whether there are any arguable issues on appeal.  We conclude there are no issues requiring further review and affirm.

BACKGROUND

On October 9, 2019, a juvenile wardship petition was filed in Case No. 19 JW 0823 against J.H. alleging three counts (Pen. Code, §§ 245, subd.

1

(a)(4),[1] as a felony, count 1; 242, count 2; 240, count 3) involving conduct occurring on August 24, 2019, in San Mateo County. In addition, the petition alleged that charges in separate Case No. 17 JW 1077 (§ 626.10, subd. (a)(1) [possession of a weapon on school grounds]; § 245, subd. (a)(4), as a misdemeanor) were sustained on August 30, 2018. Both cases involved the same victim, A.R.

In Case No. 17 JW 1077, the first case, J.H. physically attacked A.R., punching her multiple times on the face and upper chest while the two were at lunch during school. During this assault, J.H. grabbed A.R. by her hair and dragged her to the ground, causing her to hit her head on a table top. J.H. was in possession of a razor blade, but never took it out as a weapon during the altercation.

In Case No. 19 JW 0823, the subject of this appeal, J.H. attacked A.R. in downtown Redwood City. J.H. threw about six to eight punches to A.R.'s face and attempted to stomp her head while she was on the ground. J.H. left the scene of the offense but later admitted, post-*Miranda*, fighting with A.R.

J.H. was arraigned on Case No. 19 JW 0823 on October 23, 2019. Count 1 was reduced to a misdemeanor violation of section 245, subdivision (a)(4), with the remaining charges dismissed pursuant to a negotiated plea. The court advised J.H. of her constitutional rights and accepted her admission of the amended charge, finding she knowingly and intelligently waived her constitutional and statutory rights and that the admission was freely and voluntarily entered.

A.R. testified at the contested disposition hearing held on February 18, 2020. J.H.'s attorney objected to a proposed condition of probation subjecting

---

[1] All further statutory references are to the Penal Code unless indicated otherwise.

J.H. to search and seizure for drugs and weapons, arguing the circumstances of the case did not warrant either. More specifically, counsel alleged the search and seizure condition failed pursuant to *People v. Lent* (1975) 15 Cal.3d 481, 486, which requires, among other things, that probation conditions be reasonably related to the underlying offense.

Counsel acknowledged the search and seizure condition was carried over from the prior orders in Case No. 17 JW 1077, where J.H. "may have had a razor blade." Even so, counsel argued that J.H.'s earlier offense occurred two years ago and there was no evidence that J.H. "has an issue with weapons or drugs." Consequently, counsel took the position that the search and seizure condition was "not at all tailored to [J.H.'s] current needs." Referring to *In re Ricardo P.* (2019) 7 Cal.5th 1113, counsel argued the court must "balance the burden imposed with any legitimate interest served by the conditions."

After hearing argument from counsel for the People, the court announced it would adopt the disposition recommendations, court orders, and findings dated January 29, 2020, with certain modifications. These changes included not ordering J.H. to complete 16 days in the Community Care Program but instead requiring her to serve 20 days in therapeutic detention and perform 20 hours of community service at a location to be arranged between probation and her parents.

In addition, the court deleted the condition requiring that J.H. submit to chemical testing as directed by probation or law enforcement, reasoning that the "information I have is in the years that she's been on probation she has tested negative for drugs and alcohol. And I don't believe that condition is necessary at this time."

3

The court did order J.H. be subject to the search and seizure condition for weapons.  It stated, "The Court needs to impose a condition that relates to the incident, but the court is also able to impose a condition of probation if it finds that condition would prevent future criminality."  The court explained that in "the prior incident [J.H.] did have a weapon and there—and in both incidents involved assaultive conduct to a member of the community.  And weapons are certainly related to assaultive conduct. . . .  [S]ince this is a case where there was an assault, that the ability to have search and seizure would prevent future criminality by allowing probation to determine whether or not the minor has weapons, access to weapons, that might be used in an assault in the future. . . .  And I think in order to protect public safety that search and seizure condition is necessary."

The court further ordered that "[a]ll prior orders not in conflict remain in full force and effect." Finally, the court ordered that J.H.'s phone be returned to her.

J.H. filed a timely appeal from the findings and orders entered at the February 18, 2020, disposition hearing.

## DISCUSSION

J.H.'s admission of a violation of section 245, subdivision (a)(4), as a misdemeanor, is supported by the evidence.  A review of J.H.'s admission shows it to have been knowingly and voluntarily made.  The terms and conditions of probation imposed by the juvenile court, including the search and seizure condition for weapons, are reasonable and justified by the record.

J.H.'s counsel has represented to us that she advised J.H. of her intention to file a *Wende* brief in this case and of J.H.'s right to submit supplemental argument on her own behalf.  J.H. has also been advised of her right to request that counsel be relieved.  She has not done so.

4

Our full review of the record discloses no issues that require further briefing. We conclude there was no error.

DISPOSITION

The orders entered at the disposition hearing held on February 18, 2020, are affirmed.

_____
                                    Wiseman, J.*

WE CONCUR:


_____
Fujisaki, Acting P.J.


_____
Jackson, J.

*In re J.H.*, A158865

_____

* Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.